IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ACCESS ENDOCRINE, DIABETES, ) | | |
| & THYROID CENTER, P.C., and ) | | |
| MODHI GUDE, M.D., ) | | |
| ) | | |
| Plaintiffs, ) | | |
| ) | | |
| vs. ) | No. CIV-14-441-C | |
| ) | | |
| HEALTH CARE SERVICE ) | | |
| CORPORATION d/b/a BLUE CROSS ) | | |
| AND BLUE SHIELD OF OKLAHOMA, ) | | |
| ) | | |
| Defendant. ) | | |

MEMORANDUM OPINION AND ORDER

I. BACKGROUND

This case arises out of the termination of a service provider contract between Plaintiff Modhi Gude and Defendant. Sometime in 1981, Plaintiff Gude and the Defendant entered into a participating physician agreement, under which Plaintiff Gude could provide covered services to members of Blue Cross and Blue Shield of Oklahoma. The contract was renewed on July 1, 2004, through June 30, 2005, and then continued to automatically renew for one-year terms unless terminated. As a result of this agreement, Plaintiff has acquired 3,000 patients insured by the Defendant, comprising about 50% of Plaintiff's medical practice. In March 2013, the Defendant provided notice to Plaintiff Gude that it had elected to terminate the agreement based on alleged excessive diagnostic testing. Plaintiff Access Endocrine, Diabetes, & Thyroid Center, P.C., is a corporation wholly owned and operated by Plaintiff Gude.

The Plaintiffs filed suit against the Defendant claiming breach of contract, violation of the Oklahoma Consumer Protection Act ("OCPA"), slander, and breach of an implied duty of good faith and fair dealing. The Defendant has filed a motion pursuant to Fed. R. Civ. P. 12(b)(6), seeking dismissal of all of Plaintiffs' claims except breach of contract.

## II.  STANDARD OF REVIEW

The standard for consideration of motions to dismiss brought pursuant to Fed. R. Civ. P. 12(b)(6) is set forth in the Supreme Court's decision in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), and the subsequent decision in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).  In those cases, the Supreme Court made clear that to survive a motion to dismiss a complaint must contain enough allegations of fact which, taken as true, "state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570.  Plaintiffs must "nudge[] their claims across the line from conceivable to plausible" to survive a motion to dismiss. <u>Id.</u> Thus, the starting point in resolving Defendant's Motion is to examine the factual allegations supporting each claim that Defendant wishes the Court to dismiss.

## III.  ANALYSIS

A.  <u>Oklahoma Consumer Protection Act</u>

Plaintiffs allege that Defendant uses deceptive practices to replace experienced physicians with less experienced ones to cut costs.  Plaintiffs further allege that the basis for terminating the participating physician agreement between Plaintiff Gude and Defendant, which was excessive clinical testing, was a false pretense that deceptively severed the doctor/patient relationship between Plaintiffs and patients insured by Defendant.

2

15 Okla. Stat. § 753(20) of the OCPA makes it unlawful for a person, in the course of business, to commit an unfair or deceptive trade practice. The OCPA creates a private right of action for aggrieved consumers. 15 Okla. Stat. § 761.1. To win a private action under the OCPA, a plaintiff must prove, "(1) that the defendant engaged in an unlawful practice . . . ; (2) that the challenged practice occurred in the course of defendant's business; (3) that the plaintiff, as a consumer, suffered an injury in fact; and (4) that the challenged practice caused the plaintiff's injury." Patterson v. Beall, 2000 OK 92, ¶ 30, 19 P.3d 839, 846.

Defendant argues that the First Amended Complaint does not show that either Plaintiff, "as a consumer, suffered an injury in fact." Id. Plaintiffs argue that they are part of the consumer transaction as they provide a consumer product to the patients and that the receiving of allowed fees from Defendant makes them consumers.

"The OCPA does not define the term 'consumer.'" Lumber 2, Inc. v. Ill. Tool Works, Inc., 2011 OK 74, ¶ 7, 261 P.3d 1143, 1145. The Oklahoma Supreme Court has defined consumer as "one who consumes or uses economic goods." Id., 2011 OK 74, ¶ 20, 261 P.3d at 1149. To qualify as a consumer, "the purchase would have to involve goods which [the plaintiff] bought to use in its own business, not to resell to its customers." Id., 2011 OK 74, ¶ 21, 261 P.3d at 1149.

The facts as pleaded cannot support a plausible finding that Plaintiffs are consumers under the OCPA. Plaintiffs do not purchase goods or services from Defendant for their own use. Rather, Plaintiffs have contracted with Defendant to provide services to the patients.

Plaintiffs argue that they are a part of the consumer transaction because Defendant pays Plaintiffs to provide medical care to its insureds. This description would make Defendant, not Plaintiffs, the consumer. Furthermore, the Oklahoma Supreme Court has already rejected the argument that service contracts are "'consumer transactions.'" James v. Tyson Foods, Inc., 2012 OK 21, ¶¶ 27-29, 292 P.3d 10, 18.

The Court holds that Plaintiffs are not "aggrieved consumers" entitled to the protection of the Oklahoma Consumer Protection Act. Therefore, Plaintiffs do not have standing to bring a claim pursuant to the OCPA. The Court must grant Defendant's Motion to Dismiss the Plaintiffs' OCPA claim.

B. Slander

Plaintiffs allege that the termination of the participating physician agreement leads patients carrying Defendant's insurance to infer that Plaintiff Gude does not provide competent medical care. Plaintiffs also allege that the Defendant's statement that Plaintiff Gude used excessive diagnostic procedures impugns the integrity of Plaintiffs' practice.

Under Oklahoma law, slander can be a false statement that injures a person's reputation in respect to his office, profession, trade, or business. 12 Okla. Stat. § 1442(3). Oklahoma law still recognizes the distinction between slander, which is spoken, and libel, which is written or exists in other fixed representation. Id.; 12 Okla. Stat. § 1441. Plaintiffs have not shown whether the statement about excessive diagnostic procedures was spoken or written; however, both fall under the category of defamation.

To recover in a suit for defamation, "a private figure must prove (1) a false and defamatory statement, (2) an unprivileged publication to a third party, (3) fault amounting at least to negligence on the part of the publisher," and finally, the plaintiff must prove the publication caused damage. Mitchell v. Griffin Television, L.L.C., 2002 OK CIV APP 115, ¶ 5, 60 P.3d 1058, 1061 (citing Sturgeon v. Retherford Publ'ns, Inc., 1999 OK CIV APP 78, ¶ 10, 987 P.2d 1218, 1223). Defendant argues that Plaintiffs have not pleaded sufficient facts to show a plausible claim for relief. Specifically, Defendant argues that Plaintiffs have not alleged any facts showing that the alleged defamation was false or communicated to a third party. The Court agrees.

The termination of the participating physician agreement is an action that Plaintiffs state has actually occurred and thus is not a false statement of fact capable of carrying a defamatory meaning. Plaintiffs allege that the statement that Plaintiff Gude used excessive diagnostic testing is false and harms the integrity of Plaintiff Gude's professional reputation. At the dismissal stage, the Court must accept these allegations as true. See Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215. To recover, Plaintiffs need to show only that Defendant communicated the false statement to one person other than Plaintiffs or Defendant. Plaintiffs have not given any facts from which the Court might infer such communication was made.

Thus, the Court must grant Defendant's Motion to Dismiss Plaintiffs' allegation of defamation as Plaintiffs have not pleaded factual allegations sufficient to support a plausible claim.

C. Implied Duty of Good Faith and Fair Dealing

Plaintiffs argue that Defendant is liable for breach of an implied duty of good faith and fair dealing that is independent of the breach of contract claim. Plaintiffs allege that Defendant terminated the contract under false pretenses and disregarded a longstanding history of allowing providers to remedy any perceived violations of Defendant's billing guidelines. Defendant argues that Plaintiffs' claim must be dismissed because Plaintiffs cannot prevail as a matter of law. The Court agrees.

Although every contract carries an implied covenant of good faith and fair dealing (Hall v. Farmers Ins. Exchange, 1985 OK 40, ¶ 14, 713 P.2d 1027, 1030), "a breach of that duty merely results in damages for breach of contract, not independent tort liability." Wathor v. Mutual Assur. Adm'rs, Inc., 2004 OK 2, ¶ 5, 87 P.3d 559, 561. Oklahoma law has primarily limited application of the independent tort of bad faith to cases between an insurer and its insured because of the special relationship characterized by disparate bargaining power and a noncommercial purpose. Cimarex Energy Co. v. Calhoon, Nos. CIV-11-525, CIV-11-725-D, 2012 WL 1371386, at *3 (W.D. Okla. April 19, 2012).

Although Defendant is an insurance company, Plaintiffs are not insured customers of Defendant. The agreement was a business contract. Plaintiffs have not pleaded any facts showing a special relationship between the parties that would support an independent tort of bad faith. Plaintiffs have failed to show that a claim for relief, as a matter of law, is plausible.

Thus, the Court must grant Defendant's Motion to Dismiss Plaintiffs' independent claim of breach of implied duty of good faith and fair dealing.

D. Punitive Damages

Plaintiffs assert that they are entitled to punitive damages. Oklahoma law prohibits recovery of punitive damages in claims based solely on breach of contractual obligations. 23 Okla. Stat. § 9(A). "The Oklahoma courts have allowed punitives, however, even when the parties' relationship basically is contractual, if the breaching party's acts constitute 'an independent, willful tort.'" Zenith Drilling Corp. v. Internorth, Inc., 869 F.2d 560, 565 (10th Cir. 1989) (quoting Z.D. Howard Co. v. Cartwright, 1975 OK 89, ¶ 12, 537 P.2d 345, 347).

Because the Court dismisses all but Plaintiffs' breach of contract claims, Plaintiffs are not entitled to punitive damages.

IV. CONCLUSION

Accordingly, the filing of Plaintiff's Amended Complaint (Dkt. No. 13) has rendered moot Defendant's Motion to Dismiss (Dkt. No. 3) filed May 7, 2014. That motion is therefore denied.

"Defendant's Motion to Dismiss 'First Amended Complaint in Federal Proceedings'" (Dkt. No. 15) is GRANTED. All claims except breach of contract are dismissed.

IT IS SO ORDERED this 4th day of September, 2014.

ROBIN J. CAUTHRON
United States District Judge